UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS DEREK RUSNELL,

    Plaintiff,

v.

OFFICER J. MAROUGI, Pontiac Police
Department, in his individual capacity,

    Defendant.
_____/

Case No. 08-12075

HONORABLE SEAN F. COX
United States District Judge

## ORDER DENYING DEFENDANT'S MOTION FOR REASSIGNMENT

This matter is before the Court on Defendant's Motion for Reassignment. Both parties have fully briefed the issues, and after reviewing all filings by the parties on this matter, the Court declines to hold oral argument pursuant to L.R. 7.1(e)(2). For the following reasons, this Court will **DENY** Defendant's Motion for Reassignment.

### I. BACKGROUND

This motion requests the reassignment of Case No. 08-12075, *Rusnell v. Marougi*, from this docket to Judge Ludington's docket due to "nearly identical issues of law" and only "modest factual discrepancies" with his Case No. 08-11164, *McCummons v. Marougi*. (Defendant's Br., Doc.#5, p.2) Both actions arise out of separate alleged acts by a common Defendant, police officer J. Marougi of the City of Pontiac. On two separate and distinct occasions, Defendant was in Hawthorne Park in the City of Pontiac, engaged in undercover sting operations designed to curtail homosexual activity. Two separate Plaintiffs have brought suit against Defendant, and in

1

each suit Plaintiffs and Defendant are represented by common counsel. A brief summary of the alleged facts taken directly from the complaints are included below.

### A. Rusnell v. Marougi: Case 08-12075 Judge Cox, Southern Division

Plaintiff Rusnell was in Hawthorne Park on September 28, 2007, and was sitting on the tailgate of his truck when a man in plain clothes (now known to be the Defendant) approached him and made prolonged eye contact. Defendant then said hello, and asked Plaintiff "are you looking for anything?" After flirtatious conversation, Plaintiff and Defendant walked down a nearby dirt path, at which point Defendant asked Plaintiff what he would like to do. After both sides asked the other if they were police officers, Plaintiff offered the Defendant oral sex. At that point, Defendant flashed his badge and made his status as a police officer known, and escorted Plaintiff out of the woods. Plaintiff's vehicle was impounded, and he was charged with solicitation under M.C.L. § 750.448.[1] The criminal case was eventually dismissed when Defendant, then no longer a Pontiac Officer, failed to report for jury trial as the complaining witness.

### B. McCummons v. Marougi: Case 08-11164 Judge Ludington, Northern Division

Plaintiff was in Hawthorne Park on August 10, 2007, and was changing his shirt on the way to work when a man in plain clothes (now known to be the Defendant) drove up in a vehicle and made prolonged eye contact. Plaintiff drove off in the opposite direction, and eventually

---

[1] "A person 16 years of age or older who accosts, solicits, or invites another person in a public place or in or from a building or vehicle, by word, gesture, or any other means, to commit prostitution or to do any other lewd or immoral act, is guilty of a crime punishable as provided in section 451." M.C.L. § 750.448 (2002).

drove up to Defendant's vehicle and engaged in conversation. In the course of flirtatious conversation, Defendant's answer claims Plaintiff offered the Defendant oral sex, which Plaintiff denies. Defendant offered to have Plaintiff get into the back of his vehicle, and that "if anyone comes you [Plaintiff] can just get out." Plaintiff then concocted an excuse to disengage by stating he had seen a cop drive by, and left the park. A third vehicle followed Plaintiff from the park to his place of employment, where he was confronted by a plain clothes officer. Plaintiff wasn't arrested at the scene. Instead, his car was impounded, and after numerous attempts to retrieve his vehicle from the Pontiac Police Department, he was eventually charged with solicitation under M.C.L. § 750.448. The criminal case was eventually dismissed when Defendant, then no longer a Pontiac Officer, failed to report for jury trial.

## II. ANALYSIS

The local court rules for the Eastern District of Michigan provide the standard for reassignment of companion cases. Local Rule 83.11(b)(7) states, in pertinent part:

> **(7) Companion cases**.
> (A) Companion cases are those cases in which it appears that:
> (i) *substantially similar evidence* will be offered at trial; or
> (ii) the same or related parties, and the cases *arise out of the same transaction or occurrence*...
> (C) When it becomes apparent to the Judge to whom a case is assigned...that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

L.R. 83.11(b)(7) (emphasis added). Thus Defendant needs to show that the underlying cases: (1) involve "substantially similar" evidence, or (2) each cause of action arises out of "the same transaction or occurrence." Neither test is met in evaluating the instant motion. The evidence

offered in each case involves different incidents on different dates with different words exchanged between the parties.  Defendant has not met his burden.

## IV.  CONCLUSION

For the reasons stated above, this Court **DENIES** Defendant's Motion for Reassignment.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager